IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KENDRICK D ADDISON,

    Petitioner,

v.	CASE NO. 5:12-cv-62-MP-GRJ

SECRETARY, DEPT. OF CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

The undersigned recommended that this habeas corpus petition be dismissed as an unauthorized successive petition because it is Petitioner's second petition challenging the same conviction. The magistrate judge in Petitioner's first case recommended that his petition be denied, and the recommendation was entered before the instant case was filed. Doc. 3; *see Addison v. Secretary*, Case No. 5:10-cv-39-MCR-EMT (Doc. 24, 3/8/12). The instant petition did not reflect that Petitioner had sought leave from the Court of Appeals to file it. Doc. 1.

Petitioner filed objections to the recommendation and attached an order from the Court of Appeals reflecting that Petitioner had in fact sought authorization to file this case. Doc. 4. The Court of Appeals concluded that authorization was unnecessary because Petitioner's first petition had not yet been decided. *Id*. In view of Petitioner's objection and the Court of Appeals' order, the undersigned vacated the Report and Recommendation and directed Respondent to file a response. Docs. 5, 8.

Respondent filed a motion to dismiss, Doc. 11, asserting that because the Court

entered judgment denying Petitioner's first habeas petition on August 27, 2012, and denying a COA, the instant petition should be dismissed as successive. *See Addison v. Secretary*, Case No. 5:10-cv-39-MCR-EMT (Doc. 29, 8/27/12). Petitioner filed a request for a certificate of appealability with the Eleventh Circuit in that case that remains pending. *See id.*, Docs. 31, 36.

Because Respondent's motion to dismiss did not address the effect of the pending appeal in the first case upon the argument that the instant petition should be dismissed as successive, the Court directed the Respondent to file a supplement to the motion. Respondent has now filed a notice of withdrawal of the motion to dismiss and a motion to transfer and consolidate this case with Case No. 5:10-cv-39-MCR-EMT. Doc. 13. As authority, Respondent cites *Ching v. United States*, 298 F.3d 174 (2d Cir. 2002). In that case, which concerned the filing of a second § 2255 motion during the pendency of a first motion, the Second Circuit concluded that "in general, when a § 2255 motion is filed before adjudication of an initial § 2255 motion is complete, the district court should construe the second § 2255 motion as a motion to amend the pending § 2255 motion." *Ching*, 298 F.3d at 177.

The undersigned agrees that when the instant Petition was filed, it should have been treated as a motion for leave to amend the Petition that was pending adjudication in Case No. 5:10-cv-39-MCR-EMT, rather than being opened as a new habeas corpus case. Respondent suggests that if the instant Petition is transferred or consolidated, it may be treated as a Fed. R. Civ. P. Rule 60(b) motion in the first case and the same judges assigned to the initial Petition may consider whether the claim asserted in the proposed amendment is subject to any applicable procedural bars or may be

considered on its merits. Although a Rule 60(b) motion that seeks vindication on the merits of a habeas claim ordinarily should be deemed an impermissible attempt to circumvent the AEDPA's restrictions on the filing of a second or successive habeas application, a Rule 60(b) motion that "challenges only the District Court's failure to reach the merits" is not subject to the requirements of 28 U.S.C. § 2244(b)(3). *Gonzalez v. Crosby*, 545 U.S. 524, 538 (2005). Given the unusual procedural posture of this case, and affording *pro se* Petitioner the benefit of liberal construction, the instant Petition may be construed as seeking relief under Rule 60(b) due to the fact that the Court could have treated the Petition as a motion to amend and resolved it at the same time as the earlier Petition.

Rule 42(a) of the Federal Rules of Civil Procedure provides in pertinent part, that "If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." A district court's decision to consolidate is purely discretionary,[1] but in exercising that discretion the court should consider (1) whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, (2) the burden on parties, (3) witnesses and available judicial resources posed by multiple lawsuits, (4) the length of time required to conclude multiple suits as against a single one, and (5) the relative expense to all concerned.[2]

Having considered these factors, the undersigned concludes that consolidation of this case with *Addison v. Secretary*, Case No. 5:10-cv-39-MCR-EMT, would conserve

---

[1] *Wright v. Dougherty County, Georgia*, 358 F.3d 1352, 1356 (11th Cir. 2004).

[2] *Hendrix v. Raybestos-Manhattan, Inc.,* 776 F.2d 1492, 1495 (11th Cir. 1985).

judicial resources and permit the efficient resolution of Plaintiff's claims. Accordingly, it is respectfully **RECOMMENDED** that this case be consolidated with *Addison v. Secretary*, Case No. 5:10-cv-39-MCR-EMT, for all further proceedings, and that all further filings should be made in that case.

  **IN CHAMBERS** this 14th day of November 2012.

          *s/ Gary R. Jones*
         GARY R. JONES
         United States Magistrate Judge

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**